Filed 9/9/20  P. v. Sydow CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES ADRIAN SYDOW,<br><br>    Defendant and Appellant. | B305328<br><br>(Los Angeles County<br>Super. Ct. No. KA092702) |

THE COURT:

Appellant and defendant James Adrian Sydow (defendant) appeals from the denial of his motion to modify or stay his sentence.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues, and on June 29, 2020, we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating any grounds or argument he might wish to have considered.  Defendant has filed his own brief raising several issues, along with a motion to strike counsel's *Wende* brief.  We need not strike counsel's *Wende* brief to review the issues raised by defendant, as affording defendant the right to file his own supplemental brief creates "a departure

1

from the 'general rule that a represented defendant has no right personally to present supplemental arguments' to the court [citation]." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, quoting *People v. Kelly* (2006) 40 Cal.4th 106, 120.) Further, as this appeal is taken from the denial of a postjudgment motion, we are required to review the record only for the purpose of responding to the issues raised by defendant, and we do not independently determine whether there are arguable issues that were not raised. (See *Cole*, at p. 1039.) We affirm the order.

## BACKGROUND

In 2011, defendant was charged as follows: shooting at an inhabited dwelling in violation of Penal Code section 246 (count 1);[1] carrying a concealed weapon in a vehicle, in violation of former section 12025, subdivision (a)(1) (count 2); carrying a switchblade knife, in violation of former section 653k, a misdemeanor (count 3); and in counts 4, 5, and 6, assault with a firearm in violation of section 245, subdivision (a). The information alleged that a principal personally and intentionally discharged a firearm, within the meaning of sections 12022.53, subdivisions (c) and (e)(1), that a principal personally used a firearm, within the meaning of section 12022.53, subdivisions (b) and (e)(1), and pursuant to section 186.22, subdivisions (b)(1)(B) and (b)(1)(C), that the shootings were committed for the benefit of, at the direction of, and in association with a criminal street gang, with the specific intent to promote, further and assist in criminal conduct by gang members.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

On July 18, 2011, defendant entered an agreement to plead no contest to an amended complaint in exchange for an 18-year prison term. The information was amended to add additional counts, to change the basis of the gang enhancement allegation in count 4, to section 186.22, subdivision (b)(l)(C), and to add a firearm allegation to count 4, pursuant to section 12022.5, subdivision (a). Defendant then pled no contest to count 4 and admitted the enhancement allegations. The trial court then sentenced defendant as agreed to a term of 18 years in prison, comprised of the upper term of four years, enhanced by four years pursuant to section 12022.5, subdivision (a), and 10 years pursuant to section 186.22, subdivision (b)(1)(C).

In February 2020, defendant filed a pro se motion to modify his sentence, alleging that his sentence was unauthorized, and that he was entitled to a hearing at which the court could exercise its discretion under Senate Bill No. 620 to strike the firearm enhancement. On February 7, 2020, the trial court summarily denied the motion.

Defendant requested a certificate of probable cause, which was denied, and then filed a notice of appeal.

## DISCUSSION

Defendant contends the trial court erred in denying his motion, which he can raise at any time because his sentence was unauthorized and in excess of jurisdiction. Defendant relies on *People v. Rodriguez* (2009) 47 Cal.4th 501 (*Rodriguez*), which held that section 1170.1, subdivision (f) prohibits the use of a single act of personally using a firearm in the commission of a felony to support a sentence enhancement under former section 12022.5, subdivision (a)(1), and to impose the elevated punishment under section 186.22, subdivision (b)(1)(C), due to the use of a firearm

3

while committing a felony to benefit a street gang. (*Rodriguez*, at pp. 507-508; see *People v. Le* (2015) 61 Cal.4th 416, 419-420.)

The trial court denied defendant's motion in that his sentence was an "agreed upon disposition between the defense and the People." We construe the trial court's reason for the denial as a finding that defendant was estopped from challenging the specific, agreed upon sentence, even if it was unauthorized at the time the agreement was made. We agree with the trial court. "The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction.**2** The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.] . . . 'When a defendant maintains that the trial court's sentence violates rules which would have required the

---

**2** "A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case. [Citation.] If a court lacks such "'fundamental'" jurisdiction, its ruling is void. [Citation.] . . . [¶] . . . When a trial court has fundamental jurisdiction but fails to act in the manner prescribed, it is said to have acted 'in excess of its jurisdiction.' [Citation.] . . . A party may be precluded from seeking to set aside such a ruling because of waiver, estoppel, or the passage of time. [Citation.]" (*People v. Ford* (2015) 61 Cal.4th 282, 286.)

imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.' [Citation.]" (*People v. Hester* (2000) 22 Cal.4th 290, 295, quoting *People v. Couch* (1996) 48 Cal.App.4th 1053, 1056-1057.)

Defendant does not claim that the sentencing court lacked fundamental jurisdiction, but that the sentence was unauthorized by statute. Thus the trial court did not err in finding that defendant was estopped from raising the issue he chose. Moreover, when a defendant who has agreed to a particular sentence as part of the negotiated plea bargain, a challenge to his sentence is "*in substance* a challenge to the validity of the plea"; and under such a circumstance, section 1237.5 requires a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.) We have held that an exception to this general rule occurs when the defendant seeks to benefit from the retroactive effect of a new law, even though he has pled and agreed to a specific sentence. (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 55-56 (*Hurlic*).)

Defendant contends that the exception enunciated in *Hurlic* means that the recently enacted section 1016.8 brings him within that exception. (See Stats. 2019, ch. 586, § 1, eff. Jan. 1, 2020.) We disagree. Subdivision (a)(4) of section 1016.8 provides: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." Subdivision (b) provides: "A provision of a plea bargain that requires a defendant to generally waive future benefits of

legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."  We found no such waiver or provision in the terms of defendant's plea agreement, and nothing in section 1016.8 addresses section 1237.5 or the requirement of a certificate of probable cause. Moreover, section 1170.1 was enacted, and *Rodriguez* was decided *before* defendant entered his plea.

The only statutory benefit claimed by defendant here that was enacted after defendant's plea is that provided by Senate Bill No. 620, which amended sections 12022.5, 12022.53, and 1385, to give sentencing courts discretion to strike or dismiss firearm enhancements.  However, those amendments apply retroactively only to cases not yet final on appeal on its effective date of January 1, 2018.  (*People v. Harris* (2018) 22 Cal.App.5th 657, 659; see *Hurlic*, *supra*, 25 Cal.App.5th at p. 56.)  As defendant's judgment was final almost nine years ago, he does not qualify for any benefit under Senate Bill No. 620, regardless of any requirement for a certificate of probable cause.

## DISPOSITION

The order of February 7, 2020, denying defendant's motion for modification or stay of sentence, is affirmed.

_____

LUI, P. J.              CHAVEZ, J.              HOFFSTADT, J.

6