Filed 11/12/20

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SURGIO VALENCIA BALTAZAR,<br><br>    Defendant and Appellant. | F078219<br><br>(Super. Ct. Nos. MF49001,<br>CRM015874, SUF29682,<br>SUF29697)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Elizabeth M. Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Clara Levers and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Effective January 1, 2018, Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill No. 620) gave trial courts previously unavailable discretion to strike or dismiss firearm enhancements otherwise required to be imposed by Penal Code sections 12022.5 and 12022.53.[1] (§ 12022.5, subd. (c), as amended by Stats. 2017, ch. 682, § 1; § 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, § 2.) There is no dispute that these statutory amendments apply retroactively to cases in which the judgment was not yet final when Senate Bill No. 620 went into effect. (See, e.g., *People v. Almanza* (2018) 24 Cal.App.5th 1104, 1105-1106, 1109; *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506-507; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091; *People v. Robbins* (2018) 19 Cal.App.5th 660, 678-679.)

Surgio Valencia Baltazar (defendant) claims the superior court erred by denying his application to strike the firearm enhancements found true by the jury and added to his sentence. He agrees his judgment of conviction became final long before Senate Bill No. 620 went into effect. Nevertheless, he claims (1) Senate Bill No. 620 was intended by the Legislature to apply to final judgments, and (2) application to final judgments is required under both the federal and state equal protection guarantees. We disagree with both contentions and dismiss his appeal.

## PROCEDURAL HISTORY

By information filed November 7, 2008, in Merced County Superior Court case No. MF49001, defendant was charged with two counts of carjacking in which he was alleged to have personally used a firearm (§§ 215, subd. (a), 12022.53, subd. (b); counts 1 & 3), two counts of possession of a firearm by a felon (former § 12021, subd. (a)(1); counts 2 & 4), and one count of falsely identifying himself to a peace officer (§ 148.9,

---

[1]     All statutory references are to the Penal Code.

subd. (a); count 5).[2]  On January 15, 2009, a jury convicted him of all charges and found the firearm enhancements to be true.

On or about March 20, 2009, while defendant was in custody awaiting sentencing, he escaped from jail.  On April 8, 2011, following his reapprehension, he pled no contest to escape without force (§ 4532, subd. (b)) in Merced County Superior Court case No. CRM015874, and admitted violations of probation in Merced County Superior Court cases Nos. SUF29682 and SUF29697.

On May 9, 2011, defendant was sentenced, in case No. MF49001, to a total of 18 years in prison, of which 13 years 4 months was attributable to the firearm enhancements. In addition, he received a consecutive term of three years in case No. CRM015874, plus eight-month consecutive terms in each of the probation violation cases.  His total prison term was 22 years 4 months.  Although neither the opinion nor the remittitur are contained in the record of the current appeal, defendant acknowledges that as to case No. MF49001, this court affirmed the judgment, which became final on January 9, 2013.

At the time defendant was sentenced and his judgment became final, section 12022.53, subdivision (h) provided:  "Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section."  As previously noted, Senate Bill No. 620 went into effect on January 1, 2018.  As amended by that legislation, section 12022.53, subdivision (h) now provides:  "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.  The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."[3]

---

[2]     The circumstances of the offenses are not relevant to the issue raised on appeal.

[3]     Subdivision (c) of section 12022.5 contained the same language originally and was similarly amended by Senate Bill No. 620.  Since defendant's firearm enhancements were imposed pursuant to section 12022.53, we do not further reference section 12022.5.

On or about August 3, 2018, defendant submitted an "APPLICATION TO STRIKE [THE] FIREA[R]M ALLEGATION[S] PURSUANT TO SENATE BILL [NO.] 620." On September 5, 2018, the application was denied. The superior court observed defendant's case had been final since 2013, and ruled: "The new discretionary sentencing provisions of [Senate Bill No. ]620 and section 12022.53[, subdivision ](h) do not apply retroactively to final cases except in cases where a defendant is being resentenced pursuant to any other law. Petitioner is not being resentenced pursuant to any other law." Defendant appealed from the ruling.

## DISCUSSION

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]' [Citation.]" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1237, subdivision (b) permits a defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

The Attorney General agrees the superior court's ruling constituted an order made after judgment, but says that because the discretion granted by Senate Bill No. 620 can only be exercised upon sentencing or resentencing — neither of which was pending in this case — the court lacked jurisdiction to grant the motion, and so its denial thereof did not affect defendant's substantial rights. That means the order is nonappealable, and we in turn lack jurisdiction to consider it and so must dismiss the appeal.

Defendant responds that this reasoning is "circular" and should be rejected, although he acknowledges it has been accepted by several other Courts of Appeal. (See, e.g., *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; see also *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.) He says denying full retroactivity

4.

violates equal protection, which means denial of a motion to strike the enhancements necessarily affects a substantial right.[4]

Defendant's judgment became final in 2013 (see *People v. Vieira* (2005) 35 Cal.4th 264, 306), well before the effective date of Senate Bill No. 620. In *People v. Hargis* (2019) 33 Cal.App.5th 199 (*Hargis*), we relied in part on *People v. Brown* (2012) 54 Cal.4th 314, 323 and *In re Estrada* (1965) 63 Cal.2d 740, 745, and held that "Senate Bill No. 620 and the associated amendment to section 12022.53 apply retroactively to *nonfinal* cases" (*Hargis*, *supra*, at p. 209), and not "to persons whose sentences have become final, except insofar as such a person may be resentenced under some other law" (*id*. at p. 210).[5] Other appellate courts are in accord. (See, e.g., *People v. Hernandez*, *supra*, 34 Cal.App.5th at p. 326; *People v. Harris* (2018) 22 Cal.App.5th 657, 661-662.)

---

[4]    Defendant seems to labor under the misapprehension that fully retroactive application of Senate Bill No. 620 would result in the striking of his firearm enhancements. It would not. At most, it would result in a remand to permit the trial court to exercise its discretion, pursuant to section 12022.53, subdivision (h), whether to strike the enhancements.

[5]    In *Estrada*, the California Supreme Court explained: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*In re Estrada*, *supra*, 63 Cal.2d at p. 745.) Thus, "[w]hen the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. [Citation.]" (*People v. Brown*, *supra*, 54 Cal.4th at p. 323, fn. omitted.)

Defendant says the Legislature intended full retroactivity. We recognize *Estrada* and its progeny do not prohibit the application of revised sentencing provisions to persons whose sentences are final " 'if that is what the Legislature intended or what the Constitution requires.' [Citation.]" (*Hargis*, *supra*, 33 Cal.App.5th at p. 210.) Nevertheless, " 'in the absence of an express retroactivity provision . . . [or] unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application,' ameliorative legislation does not affect convictions that have become final. [Citation.]" (*People v. Martinez* (2018) 4 Cal.5th 647, 655; accord, *Hargis*, *supra*, at p. 210.)

" 'In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.] If the statutory language is clear and unambiguous, the plain meaning of the statute governs. [Citation.]' [Citation.] In other words, if there is 'no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said,' and it is not necessary to 'resort to legislative history to determine the statute's true meaning.' [Citation.]" (*People v. Licas* (2007) 41 Cal.4th 362, 367.)

The pertinent portion of section 12022.53, subdivision (h) as amended by Senate Bill No. 620 provides: "The court may, . . . at the time of sentencing, strike or dismiss an enhancement . . . . The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." This language is clear and unambiguous. It is not "susceptible of more than one reasonable interpretation . . . ." (*People v. Flores* (2003) 30 Cal.4th 1059, 1063.) The only reasonable interpretation is that the authority to strike or dismiss a firearm enhancement applies only to nonfinal judgments or to final judgments where the defendant is being resentenced under some other law. (See *Hargis*,

*supra*, 33 Cal.App.5th at p. 210.)[6]  Defendant's case presents neither situation.  " '[I]f the Legislature wanted to provide a specific procedure via petition or motion to reopen final cases for resentencing, it could have done so.  (See, e.g., §§ 1170.126, 1170.18.)  It did not.' [Citations.]" (*Hargis*, *supra*, at p. 210; accord, *People v. Harris*, *supra*, 22 Cal.App.5th at p. 662; see *People v. Fuimaono*, *supra*, 32 Cal.App.5th at p. 135.)

Nor do the equal protection guarantees of the federal and state Constitutions require full retroactive application.  "The right to equal protection of the law generally does not prevent the state from setting a starting point for a change in the law.  '[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.' [Citation.]  The same rule applies to changes in sentencing law that benefit defendants." (*People v. Lynch* (2012) 209 Cal.App.4th 353, 359; accord, *People v. Floyd* (2003) 31 Cal.4th 179, 188; see *In re Kapperman* (1974) 11 Cal.3d 542, 546; *In re Estrada*, *supra*, 63 Cal.2d at p. 744.)

"A criminal defendant has no vested interest ' "in a specific term of imprisonment . . . ." ' " (*People v. Turnage* (2012) 55 Cal.4th 62, 74.)  "[E]qual protection of the law is denied only where there is no 'rational relationship between the disparity of treatment and some legitimate governmental purpose.' [Citation.]  In other words, the legislation survives constitutional scrutiny as long as there is ' "any reasonably conceivable state of facts that could provide a rational basis for the classification." ' [Citation.]  This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve.  Nor must the underlying rationale be empirically substantiated. [Citation.]  While the realities of the subject matter cannot be completely ignored [citation], a court may engage in ' "rational

---

[6]     An examination of the legislative history of Senate Bill No. 620 does not alter this conclusion.

speculation" ' as to the justifications for the legislative choice [citation]." (*Id*. at pp. 74-75.)

A remand for the trial court to exercise its discretion whether to strike a firearm enhancement requires the expenditure of significant judicial, prosecutorial, and defense resources, in terms of both time and money. "Preserving the government's financial integrity and resources is a legitimate state interest. [Citations.]" (*People v. Chatman* (2018) 4 Cal.5th 277, 290.) Purposes of Senate Bill No. 620 include providing relief to deserving defendants and lowering the prison population. (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 620 (2017-2018 Reg. Sess.) as amended June 15, 2017, pp. 4-5, at <http://leginfo.legislature.ca.gov/faces/ billAnalysisClient.xhtml?bill_id=201720180SB620> [as of Nov. 12, 2020].) Because the Legislature could have rationally concluded it could sufficiently achieve these purposes, without unduly overburdening court and related resources, by limiting the applicability of Senate Bill No. 620 to nonfinal judgments and to final judgments where the defendant was already returning to a lower court for resentencing under some other law, the law does not violate equal protection.

Senate Bill No. 620's amendment to section 12022.53, subdivision (h) applies to nonfinal judgments and, by its plain language, " 'extends the [bill's] benefits . . . to defendants who have exhausted their rights to appeal and for whom a judgment of conviction has been entered but who have obtained collateral relief by way of a state or federal habeas corpus proceeding.' [Citation.]" (*People v. Johnson*, *supra*, 32 Cal.App.5th at p. 942.) Because neither scenario includes defendant, the trial court lacked jurisdiction to modify his sentence; hence, denial of defendant's motion could not have affected his substantial rights. (*People v. Hernandez*, *supra*, 34 Cal.App.5th at p. 327; *People v. Fuimaono*, *supra*, 32 Cal.App.5th at p. 135.) As a result, the trial court's ruling is not an appealable postjudgment order, and the appeal must be dismissed.

(*Hernandez*, *supra*, at p. 327; *Fuimaono*, *supra*, at p. 135; see *People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1208.)

## **<u>DISPOSITION</u>**

The appeal is dismissed.


DETJEN, J.

WE CONCUR:


LEVY, Acting P.J.


SMITH, J.

9.