Filed 4/27/18  (unmodified version attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>  v.<br><br>COLLEEN ANN HARRIS,<br><br>       Defendant and Appellant. | C079470<br><br>(Super. Ct. Nos. P13CRF0031,<br>     P13CRF0343)<br><br>ORDER MODIFYING<br>OPINION [NO CHANGE IN<br>JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on April 23, 2018, be modified as follows:

On page 2, footnote 2, first sentence, put a period after "expires" and delete the rest of the first sentence:  "which is 90 days after the remittitur is issued" so that the sentence now reads:   "A case is final when the time for petitioning the United States Supreme Court for a writ of certiorari expires."

1

There is no change in the judgment.

BY THE COURT:


 /s/
Robie, Acting P. J.


 /s/
Duarte, J.


 /s/
Renner, J.

Filed 4/23/18  (unmodified version)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

| | |
|---|---|
| THE PEOPLE, | C079470 |
| Plaintiff and Respondent, | (Super. Ct. Nos. P13CRF0031, P13CRF0343) |
| v. | |
| COLLEEN ANN HARRIS, | |
| Defendant and Appellant. | |

Motion to recall the remittitur.  Denied.

Charles R. Khoury Jr., for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Carlos A. Martinez, Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

In *People v. Woods* (2018) 19 Cal.App.5th 1080, we held that Senate Bill No. 620 and the associated amendment to Penal Code[1] section 12022.53 (effective January 1,

---

[1]     All further section references are to the Penal Code unless otherwise stated.

1

2018) apply retroactively to *nonfinal*[2] cases. (*Woods*, at pp. 1090-1091.) We reached this conclusion by following our Supreme Court's directive in *In re Estrada* (1965) 63 Cal.2d 740 that " 'when a statute mitigating punishment becomes effective after the commission of the prohibited act but before final judgment the lesser punishment provided by the new law should be imposed in the absence of an express statement to the contrary by the Legislature.' " (*Woods*, at p. 1090.)

In this case, defendant Colleen Ann Harris filed a motion to recall the remittitur to either permit briefing on the application of Senate Bill No. 620 and the recent amendment to section 12022.53 to her case, *which was final almost a year before the statute's effective date*, or remand the case to the trial court to exercise its discretion as to whether to strike the firearm enhancement under the amendment. Noting that recalling a remittitur is an extraordinary remedy generally available in a limited number of instances, defendant relies on a narrow exception espoused by our Supreme Court in *People v. Mutch* (1971) 4 Cal.3d 389. As explained, however, the narrow exception does not apply here.

We deny the motion and hold a motion to recall the remittitur is not the appropriate procedural vehicle through which to seek the requested relief in cases that are final for purposes of *Estrada* and do not involve *Mutch*-type circumstances.

FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of the first degree murder of Robert Harris, her husband. The jury also found true an allegation that defendant discharged a firearm causing death under section 12022.53, subdivision (d) and she was sentenced to 50 years

---

[2] A case is final when the time for petitioning the United States Supreme Court for a writ of certiorari expires, which is 90 days after the remittitur is issued. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306; see also *Bowles v. Russell* (2007) 551 U.S. 205, 212 [168 L.Ed.2d 96, 103].)

to life.  Defendant appealed and we affirmed.  (See *People v. Harris* (Aug. 22, 2016, C079470) [nonpub. opn.].)  We issued the remittitur on November 29, 2016, and her case was final in early 2017.

In October 2017, the California Legislature amended section 12022.53 via Senate Bill No. 620.  (Stats. 2017, ch. 682, § 2.)  The amendment to subdivision (h) of that section was effective January 1, 2018, and provides trial courts with the discretion "in the interest of justice pursuant to Section 1385 and at the time of sentencing, [to] strike or dismiss an enhancement otherwise required to be imposed by this section.  The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."  (§ 12022.53, subd. (h).)  In *Woods*, we held that the amendment applies retroactively to *nonfinal* cases.  (*People v. Woods*, *supra*, 19 Cal.App.5th at pp. 1090-1091.)

Defendant now seeks an order recalling the remittitur in her *final* case so that she may have an opportunity to take advantage of the amendment and potentially have her sentence reduced.

DISCUSSION

A remittitur may only be recalled for "good cause."  (Cal. Rules of Court, rule 8.272(c)(2).)  Other than to correct clerical errors, "good cause" generally exists only when a judgment was secured by fraud, mistake or inadvertence.  (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 165.)  " ' "This remedy [recalling the remittitur], though described in procedural terms, is actually an exercise of an extraordinary substantive power . . . ; its significant function is to permit the court to set aside an erroneous judgment on appeal obtained by improper means." ' "  (*In re Richardson* (2011) 196 Cal.App.4th 647, 663.)

Defendant makes no claim of fraud, mistake or inadvertence.  She further makes no claim of clerical error or that the judgment was obtained by improper means.  She instead solely relies on the principle espoused by our Supreme Court in *Mutch* that, while

3

error of law generally does not authorize the recalling of a remittitur, an exception exists when "the error is of such dimensions as to entitle the defendant to a writ of habeas corpus." (*People v. Mutch*, *supra*, 4 Cal.3d at p. 396.)  This exception is known as the "excess of jurisdiction" exception.  (*People v. Boyd* (1979) 24 Cal.3d 285, 291; *In re Miller* (2017) 14 Cal.App.5th 960, 979.)  Defendant's reliance on *Mutch* is misplaced.

In *Mutch*, the court considered the retroactive effect of its prior decision in *People v. Daniels* (1969) 71 Cal.2d 1119, in which it overruled established precedent regarding the scope of the offense of aggravated kidnaping.  (*People v. Mutch*, *supra*, 4 Cal.3d at p. 392.)  The court gave the *Daniels* decision full retroactive effect to convictions that were final on appeal because the interpretation was not a change in the law but a declaration of "what the intent of the Legislature ha[d] been" since enacting the amendment to the statute and "confirmed a substantive definition of crime duly promulgated by the Legislature."  (*Mutch*, at pp. 394, 395.)  The court then observed that " 'a defendant is entitled to habeas corpus if there is no material dispute as to the facts relating to his conviction and if it appears that the statute under which he was convicted did not prohibit his conduct.' "  (*Id.* at p. 396.)  The court concluded, based on the undisputed facts and applying *Daniels* retroactively, the defendant was convicted of kidnaping under a statute that did not prohibit his conduct and he was, thus, "entitled to relief by habeas corpus, and, to implement that right, [wa]s further entitled to a recall of the remittitur in his appeal and an order vacating the judgment on the kidnaping counts." (*Mutch*, at p. 399.)  The recall of the remittitur was "deemed an adjunct to the writ."  (*Id.* at p. 396.)

Our Supreme Court has repeatedly cited *Mutch* as an example of a case *not* involving application of new law.  (See *People v. Guerra* (1984) 37 Cal.3d 385, 399, fn. 13; *Woosley v. State of California* (1992) 3 Cal.4th 758, 794.)  Our Supreme Court has also "emphasize[d] the narrowness of [the excess of jurisdiction] exception," limiting it to cases involving application of law to undisputed facts.  (*In re Harris* (1993) 5

4

Cal.4th 813, 840.)[3]  The excess of jurisdiction exception applied in *Mutch* only applies when legal error occurred in the trial court, and the appellate court determines, based on the undisputed facts, the defendant suffered a conviction for conduct that did not amount to a crime under the relevant penal statute.  (See *In re Walker* (1974) 10 Cal.3d 764, 787; *In re Brown* (1973) 9 Cal.3d 612, 624-625.)  The exception does not apply here.  Defendant does not claim the court erred when it imposed her sentence because the amendment took effect only after her case was final.

We further note that, if the Legislature wanted to provide a specific procedure via petition or motion to reopen final cases for resentencing, it could have done so.  (See, e.g., §§ 1170.126, 1170.18.)  It did not.  Should defendant believe she is entitled to habeas corpus relief, as she asserts, she may file a petition in the sentencing court.  Petitions for writ of habeas corpus should be filed in the superior court in the first instance.  (*In re Steele* (2004) 32 Cal.4th 682, 692; *In re Hillery* (1962) 202 Cal.App.2d 293, 294.)  We express no opinion on the merits of such a petition, should one be filed.

DISPOSITION

The motion to recall the remittitur is denied.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Duarte, J.

/s/_____
Renner, J.

_____

[3]     The only other instance in which a court has recalled the remittitur as an adjunct to a writ of habeas corpus was for ineffective assistance of counsel.  (*People v. Valenzuela* (1985) 175 Cal.App.3d 381, 388; *In re Richardson*, *supra*, 196 Cal.App.4th at p. 668.)

5