Filed 8/25/20  P. v. Brown CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRANDON DOUGLAS BROWN,<br><br>    Defendant and Appellant. | B303246<br><br>Los Angeles County<br>Super. Ct. No. KA038843-03 |

APPEAL from an order of the Superior Court of Los Angeles County, Salvatore Sirna, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1998, a jury convicted defendant and appellant Brandon Douglas Brown of kidnapping for carjacking, robbery, and unlawful taking or driving of a vehicle.[1] Brown was 15 when he committed the crimes. The trial court sentenced Brown to life with the possibility of parole on the kidnapping for carjacking count and to a concurrent three-year term on the robbery count; the court stayed Brown's sentence on the Vehicle Code count.

In September 2019, Brown filed in the superior court a document entitled "Petition To Vacate Conviction Pursuant to Penal Code § 1170.(a)(1) [*sic*]; Exhibits S.B. 1391." The petition borders on the unintelligible. Brown refers to Senate Bill No. 1391 (SB 1391) and Senate Bill No. 620 (SB 620). There is no such statute as "Penal Code section 1170.(a)(1)." If Brown means to cite Penal Code section 1170, subdivision (a)(1),[2] that section is an introductory statement of legislative intent concerning sentencing generally. (§ 1170, subd. (a)(1).)[3]

---

[1]    An amended information also charged Brown with carjacking, kidnapping for robbery, kidnapping, and criminal threats. The jury convicted Brown on the carjacking and kidnapping counts, but those counts appear later to have been ordered dismissed by the appellate court. The record in this appeal does not reflect what happened to the kidnapping for robbery and criminal threats counts but presumably they were dismissed or resulted in acquittals, as Brown was not sentenced on those two counts.

[2]    References to statutes are to the Penal Code.

[3]    Even though section 1170 is entitled "Determinate sentencing," some of its provisions apply to indeterminate sentences. For example, subdivision (d)(2) of section 1170 sets forth a procedure for petitions for recall and resentencing by defendants who were sentenced to life without the possibility of parole and were under 18 years of age when they committed

On October 11, 2019, the trial court denied Brown's petition. The court stated there was "no substantial right [Brown was] attempting to enforce," SB 620 did not apply to his case as "no gun use enhancement [was] alleged" against him, section 1170, subdivision (a)(1) "applies to determinate sentences," and SB 1391 was "inapplicable to the facts of [Brown's] case."

Brown appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). According to his declaration dated February 29, 2020, counsel sent Brown a letter notifying him that counsel had filed a *Wende* brief and that Brown could file a supplemental brief. We have received no supplemental brief from Brown.

The facts of Brown's crimes are not relevant to this appeal; we summarize them briefly.[4] On the evening of December 21, 1997, Elizabeth A. went shopping for Christmas presents at a K-Mart. After she put her bags in the trunk of her car, she saw three people on the driver's side of her car. One of them was holding a gun; Elizabeth handed over her keys. The person with the gun—later identified as Andrew Richard Molino—ordered Elizabeth into the car. Elizabeth "begged them 'Please let me go,' just to let [her] go, 'and I won't call the police. I'll walk home from here.' [But] they told [her] 'No. Get in the car.' "

---

their crimes. Brown was not sentenced to life without the possibility of parole.

[4]     We take the facts from the preliminary hearing transcript. The record on appeal does not include transcripts of the testimony at Brown's 1998 trial.

Brown, Molino, and a third man later identified as Dustin Kyle Childers got into the car with Elizabeth. Childers drove the car on several freeways. Brown, sitting in the front passenger seat, rummaged through Elizabeth's glove compartment and asked her if she had any jewelry or money on her. At one point, Childers stopped the car to get gas. The perpetrators told Elizabeth "if [she] made a scene, if [she] made any gestures out the window, . . . they would shoot [her]." Eventually Childers stopped the car and "[t]hey just told [Elizabeth] to get out."

In his petition, Brown refers repeatedly to SB 620 and SB 1391. Brown writes that he wants "his enhancements and priors attached to that conviction vacated." But no "enhancements or priors" were tried or proved against Brown, nor was any part of his sentence based on "enhancements or priors."

SB 620 (Stats. 2017, ch. 682, § 2) amended section 12022.53, subdivision (h) to give trial courts discretion to strike or dismiss firearm enhancements imposed under section 12022.53. (*People v. Rocha* (2019) 32 Cal.App.5th 352, 355.) As the trial court here noted, the People did not pursue any firearm enhancement against Brown nor was any such enhancement tried or proved against him.[5] Moreover, SB 620 does not apply to defendants whose sentences have become final.

---

[5] The information originally alleged a personal use of a firearm enhancement against all three defendants. That allegation was later stricken. The gun Molino pointed at the victim turned out to be a pellet gun, which does not qualify as a firearm. The People amended the information to allege the personal use of a deadly and dangerous weapon—the pellet gun—against Molino only. The jury found that allegation true but the prosecutor struck it at sentencing.

(*People v. Hargis* (2019) 33 Cal.App.5th 199, 209 (*Hargis*); *People v. Harris* (2018) 22 Cal.App.5th 657, 659-662 (*Harris*).)

SB 1391 (Stats. 2018, ch. 1012, § 1) amended section 707, subdivision (a)(1) of the Welfare and Institutions Code to repeal prosecutors' authority to prosecute 14- and 15-year-old minors as adults under most circumstances. (*People v. Superior Court (T.D.)* (2019) 38 Cal.App.5th 360, 364-365, 368, review granted Nov. 26, 2019, S257980). SB 1391 applies retroactively to defendants whose cases were not final when the legislation went into effect on January 1, 2019. (*People v. Federico* (2020) 50 Cal.App.5th 318, 324-326; *C.S. v. Superior Court* (2018) 29 Cal.App.5th 1009, 1038. Cf. *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303 [Proposition 57 applies retroactively to defendants whose cases were not final when the proposition was enacted in November 2016]; *People v. Padilla* (2020) 50 Cal.App.5th 244, 250-251 [same].)

Brown's case was final some two decades ago. Accordingly, he is ineligible for relief under SB 1391. (Cf. *People v. Alexander* (2020) 45 Cal.App.5th 341, 343 [Senate Bill No. 1393 giving trial courts discretion to strike prior serious felony enhancements does not apply to convictions that are final; appeal dismissed]; *Hargis*, *supra*, 33 Cal.App.5th at p. 209 [SB 620 does not apply to convictions that are final]; *Harris*, *supra*, 22 Cal.App.5th at pp. 659-662 [same].)

We are satisfied that that Brown's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm the trial court's denial of Brandon Douglas Brown's "petition to vacate conviction."

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

DHANIDINA, J.

6