Filed 1/21/21  P. v. Campos CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOEL CAMPOS,<br><br>    Defendant and Appellant. | B303422<br><br>Los Angeles County<br>Super. Ct. No. TA134943 |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

## BACKGROUND

In 2015 a jury convicted defendant and appellant Joel Campos of second degree robbery. The jury found true allegations that Campos personally used a firearm in the commission of the offense (Pen. Code, § 12022.53, subd. (b))[1] and that he committed the crime for the benefit of or at the direction of a criminal street gang (§ 186.22, subd. (b)(1)(C)). The trial court sentenced Campos to 23 years in the state prison, consisting of the midterm of three years for the robbery plus ten years each for the gun and gang enhancements. In May 2017, we affirmed Campos's judgment of conviction. (*People v. Campos* (May 25, 2017, B264148) [nonpub. opn.] (*Campos I*).)

On September 30, 2019, Campos filed in the trial court a pleading entitled "Motion for Modification of Sentence Pursuant to PC § 1170.1(F), § 12022.5(a), § 12022.53, and § 1385." The motion bordered on the unintelligible. Campos contended the trial court impermissibly imposed consecutive 10-year terms for the firearm and gang enhancements, in violation of section 1170.1, subdivision (f) and *People v. Le* (2015) 61 Cal.4th 416 (*Le*). He cited Senate Bill No. 620 and the amendments that legislation made to sections 12022.5 and 12022.53. Campos then discussed trial courts' authority to strike prior strikes under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.[2] He also sought to reargue the facts of his case.[3]

---

[1]    References to statutes are to the Penal Code.

[2]    There was no allegation in this case that Campos had any strike priors.

[3]    For example, Campos stated "a firearm was allegedly seen in the waistband of his pants." In fact, according to the probation officer's report, the victim told police Campos "removed a

2

On October 22, 2019, the trial court denied Campos's motion. The court's minute order states, "In this matter judgment is already final and thus sentence cannot be modified."

Campos appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues and asking this court to "conduct a review according [to] the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496." Counsel notified Campos that he had filed a *Serrano* brief and that Campos could file a supplemental brief. On October 27, 2020 Campos filed a supplemental brief. Because Campos filed a supplemental brief, we follow the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) rather than those in *Serrano*.

## DISCUSSION

Campos's supplemental brief essentially repeats the arguments in his "motion for modification," citing *Le* and Senate Bill No. 620. Campos also challenges the sufficiency of the evidence at trial on the firearm and gang enhancements. Campos questions how the jury could find the gang enhancement true "when there is no gang on [victim Juan] Melo's side." Campos says he "has done a lot of growing up" while in prison. Campos's contentions are without merit.

Our opinion affirming Campos's conviction summarized the facts of his crime. In short, victim Juan Melo left a train station on his way home from work. Campos approached Melo and asked him where he was from and why he was wearing a red shirt. Melo replied he was from " '[n]owhere' " and the red shirt was part of his work uniform. Campos, "using a gun, robbed Melo of several hundred dollars." (*Campos I*.)

---

stainless steel semi-automatic from his waistband and pointed it at the victim."

Campos told Melo not to call the police or Campos would shoot him. Melo called the police anyway. In his 911 call, Melo said " '[i]t look[ed] like [the perpetrator] might've been from Grape Street and, uh, Mexican Grape Street.' " Melo told responding officers that Campos was wearing a purple shirt. The People's gang expert testified at trial that the Southside Watts Barrio Grape gang was a Hispanic criminal street gang whose members often wore purple clothing. (*Campos I*.)

Section 12022.53, subdivision (b) provides that "any person who, in the commission of a felony specified in subdivision (a), personally uses a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years." Robbery is one of the felonies specified in subdivision (a). (§ 12022.53, subd. (a)(4).) Section 12022.53, subdivision (e) and its subparts provide that that firearm enhancement applies to a person who is a principal in a crime, in which a gang enhancement under section 186.22, subdivision (b) has been found true, who personally used a firearm in the commission of the offense. Section 186.22, subdivision (b)(1)(C) provides that any person convicted of a felony committed for a gang in violation of that section shall "be punished by an additional term of 10 years" if the felony was a violent felony.

Accordingly, because (1) Campos was the sole perpetrator of the robbery (and so was by definition a principal), (2) he used a gun in the robbery, (3) the jury found the gang allegation true, and (4) robbery is a violent felony, the trial court correctly imposed consecutive 10-year terms for the firearm enhancement and the gang enhancement.

Campos misunderstands our Supreme Court's decision in *Le* as well as section 1170.1, subdivision (f). *Le* applied the high court's earlier decision in *People v. Rodriguez* (2009) 47 Cal.4th 501 that a person's single act of personally using

a firearm during the commission of a felony could not be used both to elevate the offense to a serious or violent felony and as the basis for a firearm enhancement. (*Le*, *supra*, 61 Cal.4th 416.) In other words, when a jury finds true both a use-of-a-firearm enhancement and a gang enhancement, and the crime is a violent felony *owing to the use of a gun*, section 1170.1, subdivision (f) requires the court to impose only the greater of the two enhancements. (See Couzens et al., Sentencing California Crimes (The Rutter Group 2020) ¶ 21:7.)

Here, the felony of which Campos was convicted—robbery—is not a violent felony owing to the use of a gun. It is a violent felony whether committed with a weapon or without one. The Penal Code provisions listed above provide for full consecutive 10-year terms for the gun use and the gang enhancement. (*People v. Brookfield* (2009) 47 Cal.4th 583, 590 ["A defendant who personally uses or discharges a firearm in the commission of a gang-related offense is subject to both the increased punishment provided for in section 186.22 and the increased punishment provided for in section 12022.53." (Italics omitted.)].)

Campos's reliance on Senate Bill No. 620 also misses the mark. Effective January 1, 2018, Senate Bill No. 620 (Stats. 2017, ch. 682, §§ 1-2) amended sections 12022.5 and 12022.53 to give courts discretion in the interest of justice to strike or dismiss a firearm enhancement. (§§ 12022.5, subd. (c); 12022.53, subd. (h).) Senate Bill No. 620 applies to cases not yet final on the law's effective date. (*People v. Hargis* (2019) 33 Cal.App.5th 199, 209-210; *People v. Harris* (2018) 22 Cal.App.5th 657, 659, 661-662.) As the trial court noted, Campos's case was final before January 1, 2018.

We have conducted an independent review of the entire record. We are satisfied that Campos's counsel has fully complied with his responsibilities and that no arguable issues

exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm the trial court's denial of Joel Campos's "Motion for Modification of Sentence."

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.