Filed 3/19/21  P. v. Lyons CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br>                              v.<br>OMA LYONS,<br>        Defendant and Appellant. | A160982<br><br>(Alameda County Super. Ct.<br>No. 173660A/HC173660A1) |

### MEMORANDUM OPINION[1]

In this appeal from a postjudgment order pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496, Oma Lyons, who is currently serving a 16-year sentence for a voluntary manslaughter conviction (Pen. Code, § 192, subd. (a)) with a firearm use enhancement (Pen. Code, § 12022.5, subd. (a)), filed a pro se petition for recall of his sentence and for resentencing.  Citing Penal Code section 1170.1, subdivision (a), as authority for the motion, Lyons requested that the court exercise discretion conferred by a 2018 amendment to Penal Code section 1385 allowing it to strike the firearm use enhancement. (See Sen. Bill No. 620 (2017–2018 Reg. Sess.) § 1 (Senate Bill 620).)

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

1

The effective date of Senate Bill 620 was January 1, 2018. (*People v. Harris* (2018) 22 Cal.App.5th 657, 659.) Lyons was sentenced on January 31, 2018, pursuant to an agreed disposition. His 16-year term of imprisonment has two components, a base term consisting of the middle term of six years for the manslaughter conviction, and a consecutive ten years for the firearm enhancement. The sentencing judge, Hon. James Cramer, was vested with discretion to strike the firearms enhancement at the time of sentencing, but declined to exercise it, imposing a determinate term in accord with the plea bargain.

Lyons sought recall of his sentence and resentencing on July 14, 2020, after receiving a copy of a letter dated May 22, 2020, that Cathy Heifner, a case analyst at the California Department of Corrections (CDC), sent to Judge Cramer. In her letter, Heifner requested clarification of a discrepancy in the credits granted to Lyons as shown in the Amended Abstract of Judgment, on the one hand, and a Corrected Minute Order, on the other.

Judge Morris Jacobson denied Lyons's motion for recall of his sentence and for resentencing in an order entered August 24, 2020. Judge Jacobson noted that Lyons made no showing that his sentence was unlawful or unauthorized. In the absence of such a showing, Judge Jacobson ruled, the court was without jurisdiction to entertain Lyons's petition because it was unrelated to any proceeding then pending (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337) and because more than 120 days had passed since the imposition of sentence (Pen. Code, § 1170, subd. (d)(1)).

Judge Jacobson stated, in addition, that there was no reason to strike the firearms enhancement, since Judge Cramer was vested with discretion to strike the enhancement at the time sentence was imposed but chose to follow the agreed terms of the negotiated disposition. He also noted that in 2019

2

Lyons filed a petition for habeas corpus requesting that the firearms enhancement be stricken as well as vacatur of a prior marijuana conviction pursuant to Health and Safety Code section 11361.9 (added by Stats. 2018, ch. 993, § 1, eff. Jan. 1, 2019).[2] That habeas petition was denied, and Judge Jacobson declined to revisit the issues raised there. He also explained that the language of Penal Code section 1170.1, subdivision (a), which Lyons purported to rely upon, does not actually state what Lyons claimed it says, and in any event does not authorize the relief Lyons requested.

Having denied Lyons's petition for recall of his sentence and for resentencing, Judge Jacobson went on to provide the clarification requested by the CDC and ordered that the Amended Abstract of Judgment and the Corrected Minute Order be corrected in accordance with the clarification.

Lyons timely appealed Judge Jacobson's order denying his motion for recall and resentencing. His appointed counsel on appeal filed a brief summarizing the pertinent facts and procedural history, reporting that there are no arguable issues to pursue on appeal, declaring that Lyons has been advised that he may file a supplemental submission should he wish to do so, and requesting that we exercise our discretion to undertake an independent

---

[2] "On or before July 1, 2019, the Department of Justice shall review the records in the state summary criminal history information database and shall identify past convictions that are potentially eligible for recall or dismissal of sentence, dismissal and sealing, or redesignation pursuant to Section 11361.8. The department shall notify the prosecution of all cases in their jurisdiction that are eligible for recall or dismissal of sentence, dismissal and sealing, or redesignation." (Health & Saf. Code, § 11361.9, subd. (a).) Because the marijuana conviction in question was imposed in San Joaquin County, the March 7, 2019 order denying Lyons's habeas petition ruled that the Alameda County Superior Court was without jurisdiction to grant relief.

review of the record pursuant to *People v. Serrano, supra,* 211 Cal.App.4th 496.

Lyons filed a pro se supplemental brief on February 4, 2021, arguing that we should treat this appeal as a petition for habeas corpus, that Judge Cramer "could have relied on any number of aggravating circumstances in imposing the upper term," and that if he did so the judicial determination of an aggravating circumstance violated his Sixth Amendment rights under *Cunningham v. California* (2007) 549 U.S. 270. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 836.) Lyons also contends, without support in the record, that Judge Cramer was unaware of the then very recent enactment of Senate Bill 620 at the time of sentencing and failed to exercise the discretion that legislation conferred upon him.

We see no merit in the arguments advanced in Lyons's supplemental brief. Under circumstances where Judge Cramer was presented with an agreed lawful sentence to a specific term of years, it appears to us that he accepted the parties' agreement and had no occasion to exercise discretion in choosing a term from the sentencing triad applicable to Lyons's offense or to engage in any fact-finding in support of such a choice. We must presume that Judge Cramer knew the law—which of course included newly enacted Senate Bill 620—and that he applied it when he approved the plea agreement. Absent evidence in the record of conviction affirmatively showing that Judge Cramer failed to appreciate that he had the discretion to strike the weapons use enhancement and reject the parties' agreement, we decline to find error.

We have undertaken the requested independent review of the record, we see no error, and we conclude there are no issues that are worthy of full briefing on appeal.

## DISPOSITION

The trial court's postjudgment order filed August 24, 2020 is affirmed.

STREETER, Acting P. J.

WE CONCUR:

TUCHER, J.
BROWN, J.