Filed 8/2/21  P. v. Ramos CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSVALDO RAMOS,<br><br>    Defendant and Appellant. | B304575<br><br>(Los Angeles County<br>Super. Ct. No. KA079316) |

APPEAL from an order of the Superior Court of Los Angeles County.  Bruce F. Marrs, Judge.  Affirmed.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Osvaldo Ramos appeals from the summary denial of his petition for resentencing under Penal Code[1] section 1170.95, "which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (July 26, 2021, S260598) __ Cal.5th__; *People v. Martinez* (2019) 31 Cal.App.5th 719, 722–723 (*Martinez*).) Ramos was convicted in 2009 of the first degree murder of Mychael Whittaker (§ 187, subd. (a)) and the jury found true the special circumstance allegation that Ramos murdered Whittaker while engaged in the commission of a robbery (§190.2, subd. (a)(17)) along with other gang and firearm enhancement allegations. Ramos argues the trial court erroneously denied his petition because the true finding on the robbery-murder special-circumstance allegation no longer supports his felony murder conviction. He argues the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) substantially changed the law related to felony murder and he is entitled to an evidentiary hearing on his resentencing petition. We affirm the order.

### FACTS

We recite the relevant facts and procedural history from our prior opinion in this case:

Whittaker was killed on April 8, 2007, after suffering four gunshot wounds to his head and face. He was found lying partially inside of a car and partially on the street with his pockets inside out. Investigating officers found a baggie containing what was later identified as crack cocaine in the car.

---

[1]     All further section references are to the Penal Code.

A partial palm print from the car's rear passenger window matched Ramos's.

In late May 2007, officers interviewed Ramos about the murder. He initially claimed he did not know Whittaker, but later admitted he was involved in Whittaker's death. Ramos told officers he and two other men—Edwin Cruz and Cesar Miranda—ordered drugs from Whittaker and planned to rob him. When Whittaker came to their location, Ramos walked to the car while Cruz and Miranda hid in an alley and watched. After Ramos walked up to Whittaker's car, Cruz came out of the alley and shot Whittaker in the head. Ramos said Cruz had shown him a gun before Whittaker arrived. Ramos insisted he never went to the passenger side of Whittaker's car, where two gun cartridge casings were found.

At trial, a gang expert opined Ramos was an active member of the 12th Street gang. Victor Tejeda[2] testified he, Cruz, and Ramos were members of the 12th Street Pomona gang. Sometime after April 2007, Cruz told Tejeda he and Ramos robbed and killed Whittaker. Cruz bragged to Tejeda, "We killed that nigger." Cruz did not say who shot Whittaker. Cruz said Whittaker tried to jump out of the car after he was shot but Ramos stopped him and tried to keep the car door closed. Cruz told Tejeda he and Ramos robbed Whittaker and emptied out his pockets, then smoked the drugs they found. On cross-examination, Tejeda admitted that the 12th Street gang had been trying to kill him. Cruz was involved in an incident in which Tejeda was shot and left for dead by his own gang.

---

[2]     Tejeda testified in Ramos's first trial, which resulted in a mistrial. Tejeda was later killed in an altercation with the police and his trial testimony was read to the second jury.

Ramos testified on his own behalf. He denied he was a gang member. He testified Cruz shot Whittaker and then threatened him with the gun to find Whittaker's drugs. Cruz also told him not to say anything about the murder. Cruz's friends beat him in the county jail because he told police what had happened.

The jury found Ramos guilty of one count of first degree murder (§ 187, subd. (a).) The jury also found true the following: a special circumstance allegation that Ramos murdered Whittaker while engaged in the commission of robbery in violation of sections 211 and 212.5 (§ 190.2, subd. (a)(17)); a gang enhancement allegation (§ 186.22, subd. (b)(1)(C)); an allegation that a principal personally and intentionally discharged a firearm which proximately caused Whittaker's death (§ 12022.53, subds. (d), (e)(1)); an allegation that a principal personally and intentionally discharged a firearm (§ 12022.53, subds. (c), (e)(1)); and an allegation that a principal used a firearm (§ 12022.53, subds. (b), (e)(1)). The jury was unable to reach a verdict on the special circumstance allegation that Ramos intentionally killed Whittaker while Ramos was an active participant in a criminal street gang and the murder was carried out to further the activities of the criminal street gang within the meaning of section 190.2, subdivision (a)(22). The trial court declared a mistrial as to that allegation. The court sentenced Ramos to a total prison term of life without the possibility of parole on the murder count plus 25 years to life on the firearm enhancement.

Ramos appealed, asserting various evidentiary errors required reversal. We affirmed the judgment. (*People v. Ramos* (Mar. 28, 2011, B215127) [nonpub. opn.].)

4

On March 13, 2019, Ramos filed a petition for resentencing pursuant to section 1170.95. He asserted he did not actually kill the victim or possess the requisite mental state to be guilty of murder as redefined by Senate Bill No. 1437 (SB 1437). The court appointed counsel to represent Ramos. The People opposed Ramos's petition, arguing SB 1437 was unconstitutional and Ramos did not qualify for resentencing because the jury found he was a major participant in the underlying felony and acted with reckless indifference to human life. Appointed counsel filed a reply to the opposition. The trial court found SB 1437 to be unconstitutional and denied Ramos's petition on that ground. Ramos timely appealed.

## DISCUSSION

### I. SB 1437

Effective January 1, 2019, SB 1437 "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*Martinez*, *supra*, 31 Cal.App.5th at p. 723.) SB 1437 amended sections 188 and 189 and added "section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)" (*Martinez*, at pp. 722–723.)

Section 1170.95 creates a multi-step procedure for a defendant to petition for resentencing pursuant to SB 1437. A defendant may petition for resentencing if he or she was

5

"convicted of felony murder or murder under a natural and probable consequences theory" and the following conditions are met: (1) A charging document was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) The petitioner was convicted of first or second degree murder following a trial or an accepted plea; and (3) The petitioner could "not be convicted of first or second degree murder because of changes to Section[s] 188 or 189" made by Senate Bill No. 1437. (§ 1170.95, subd. (a).) Under section 1170.95, subdivision (b), the petition must include: a declaration from the petitioner that he or she is eligible for relief under the statute, the superior court's case number and year of conviction, and a statement as to whether the petitioner requests appointment of counsel. (§ 1170.95, subd. (b)(1).) If any of the information is missing from the petition and "cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

Section 1170.95, subdivision (c) sets forth the procedure once the defendant files a complete petition: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima

facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Should the court issue an order to show cause, it must hold a hearing to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d).) If the court vacates the murder conviction, the court must resentence the defendant on the remaining counts, or if no target offense was charged, "the petitioner's [murder] conviction shall be redesignated as the target offense or underlying felony for resentencing purposes." (§ 1170.95, subd. (d)(3), (e).)

## II. Ramos Is Not Entitled To Resentencing

Ramos argues the trial court erred to find SB 1437 unconstitutional. The People concede SB 1437 is not unconstitutional. We agree. (*People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246.) This is not the end of our inquiry, however, because we may affirm on any legally correct theory applicable to the case. (*People v. Smithey* (1999) 20 Cal.4th 936, 972.)

Here, the second jury in Ramos's case found him guilty of first degree felony murder and found the robbery-murder special circumstance in section 190.2, subdivision (a)(17) to be true. In doing so, the jury necessarily found Ramos was the actual killer, acted with intent to kill, or acted as a major participant in the underlying felony with reckless indifference to human life.[3]

---

[3] The second jury was instructed pursuant to CALJIC No. 8.80.1: "If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor . . . , you cannot find the special circumstance to be true as to that

7

SB 1437 amended section 189, subdivision (e) to now require these same three theories in order to be found guilty of felony murder. Accordingly, we conclude the true finding for the felony murder special circumstance precludes relief even after the passage of SB 1437. (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1141, rev. granted, Oct. 14, 2020, S264284 ["By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated."].)

However, cases are currently split on whether this special circumstance finding precludes section 1170.95 resentencing as a matter of law. The dispute lies in the date of a defendant's conviction. If the jury's special circumstance finding predated *Banks, supra,* 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th at page 522, which clarified the meaning of "major participant" and "reckless indifference to human life" in the section 190.2 special circumstance, some cases have held the jury's pre-*Banks/Clark* section 190.2 true finding does not preclude SB 1437

---

defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided[ or] abetted . . . any actor in the commission of the murder in the first degree [ ], or with reckless indifference to human life and as a major participant, aided[ or] abetted . . . in the commission of the crime of [r]obbery which resulted in the death of a human being, namely Mychael Whittaker. [¶] A defendant acts with reckless indifference to human life when that defendant knows or is aware that his[ ] acts involve a grave risk of death to an innocent human being."

8

resentencing.  (See, e.g., *People v. Gonzalez* (2021) 65 Cal.App.5th 420; *People v. Secrease* (2021) 63 Cal.App.5th 231, rev. granted, June 30, 2021, S268862; *People v. Torres* (2020) 46 Cal.App.5th 1168, rev. granted, July 7, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, rev. granted, July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, rev. granted Aug. 11, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, rev. granted, Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, rev. granted, April 28, 2021, S267802.)

Other cases take the view that the defendant cannot bring a *Banks/Clark* challenge to a section 190.2 special circumstance finding by way of a SB 1437 resentencing petition; he or she must seek relief by way of a habeas corpus petition.  (See, e.g., *People v. Gomez* (2020) 52 Cal.App.5th 1, rev. granted, Oct. 14, 2020, S264033; *People v. Galvan, supra*, 52 Cal.App.5th 1134; *People v. Murillo* (2020) 54 Cal.App.5th 160, rev. granted, Nov. 18, 2020, S264978; *People v. Jones* (2020) 56 Cal.App.5th 474, rev. granted, Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449; *People v. Nunez* (2020) 57 Cal.App.5th 78, rev. granted, Jan. 13, 2021, S265918.)

We find persuasive those cases holding a jury's section 190.2 true finding precludes section 1170.95 resentencing as a matter of law.  As noted earlier, Ramos's jury found the robbery-murder special circumstance under section 190.2 subdivision (a)(17) to be true.

As the Supreme Court recently explained, *Banks* and *Clark* merely clarified the law.  (*In re Scoggins* (2020) 9 Cal.5th 667, 674 (*Scoggins*).)[4]  Furthermore, SB 1437 did not change nor

---

[4]  *Scoggins* also noted that, where a decision does not announce a new rule of law but merely "clarifies the kind of

9

amend the required elements to find a special circumstance under section 190.2 subdivision (a)(17) to be true. Since Ramos's jury found the special circumstance true beyond a reasonable doubt, his challenge to the first-degree murder conviction is not based on the changes brought by SB 1437 to the murder statute under section 188 and 189 but on the clarification to the requirements of what evidence sufficiently establishes "major participant" and "reckless indifference to human life" as explained in *Banks* and *Clark*. If Ramos seeks to challenge the sufficiency of the robbery-murder special circumstance finding, his remedy is to pursue extraordinary relief by way of habeas corpus.

As such, Ramos's petition fails at the prima facie stage. The trial court's denial was proper.[5]

---

conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision. [Citation.] 'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' " (*Scroggins, supra,* 9 Cal.5th at pp. 673–674.)

[5]     Because we affirm the trial court's denial order, we need not address the parties' arguments regarding the procedures to be employed if we had decided to reverse the order instead. This includes the parties' contentions regarding the standard of proof or standard of review to be applied by the trial court to determine Ramos's eligibility for relief or whether this court should conduct a review of the record to determine eligibility.

### III. Ramos Is Not Entitled to Relief Under SB 620

In his reply brief, Ramos requests we remand for the trial court to exercise its discretion to strike or dismiss the firearm enhancement pursuant to Senate Bill No. 620 (SB 620) (2017–2018 Reg. Sess.), which amended section 12022.53, subdivision (h) to provide trial courts with this discretion. SB 620, effective January 1, 2018, applies retroactively only to judgments that are not yet final. (*People v. Harris* (2018) 22 Cal.App.5th 657, 659.) The Legislature could have, but did not, "provide a specific procedure via petition or motion to reopen final cases for resentencing." (*Id*. at p. 662.) A case is final when the time for petitioning the United States Supreme Court for a writ of certiorari expires. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306; see also *Bowles v. Russell* (2007) 551 U.S. 205, 212.)

Ramos was convicted in 2009 and we affirmed his conviction in 2011. He does not contend his case is not final. Indeed, the judgment against him was final years before the January 1, 2018 effective date of SB 620. Under these circumstances, we decline to remand for the trial court to exercise its discretion under SB 620.

**DISPOSITION**

The order is affirmed.


OHTA, J. *

We Concur:


GRIMES, Acting P. J.          STRATTON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11
